**Brett Applegate**, OSB No. 132944
bapplegate@lvklaw.com
Larkins Vacura Kayser LLP
121 SW Morrison Street, Suite 700
Portland, Oregon 97204
Telephone: (503) 222-4424
Facsimile: (503) 827-7600

**Jesse Linebaugh**, *Pro Hac Vice Motion to be Filed*
jesse.linebaugh@faegrebd.com
Faegre Baker Daniels, LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8011
Telephone: (515) 447-4706
Facsimile: (515) 248-9010

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FIDELITY & GUARANTY LIFE INSURANCE COMPANY**,<br><br>Plaintiff,<br><br>vs.<br><br>**NANCY CRAMPTON BROPHY and NATHANIEL STILLWATER**,<br><br>Defendants. | Case No. 3:19-cv-01166<br><br>**COMPLAINT FOR INTERPLEADER** |

Plaintiff Fidelity & Guaranty Life Insurance Company ("F&G"), by and through its undersigned counsel, brings this interpleader action pursuant to 28 U.S.C.A. § 1335 against Nancy Crampton Brophy ("Ms. Crampton Brophy") and Nathaniel Stillwater ("Mr. Stillwater") (Collectively the "Defendants"), and alleges as follows:

## I. NATURE OF THE ACTION

1. This is an interpleader action to resolve competing claims among potential beneficiaries regarding proceeds from Daniel C. Brophy's life insurance policy, policy number 00655056 (the "Policy"), which will likely expose F&G to multiple liability on the $100,000 death benefit.

## II. JURISDICTION AND VENUE

2. F&G is a corporation organized and conducting business in the State of Iowa.

3. Upon information and belief, Ms. Crampton Brophy is a citizen of the State of Oregon as she is a natural person who resides in Multnomah County, Oregon.

4. Upon information and belief, Mr. Stillwater is a citizen of the State of Oregon as he is a natural person who resides in Oregon.

5. Jurisdiction of this action is proper in this Court according to Federal Rule of Civil Procedure 22 because it meets the jurisdictional requirements of 28 U.S.C. § 1332. F&G and Defendants are citizens of different States. The amount in controversy exclusive of interest and costs of the Court is $100,000, which is greater than $75,000.

6. Venue is proper in this Court under 28 U.S.C. § 1391 because all of the defendants live in Oregon and at least one defendant lives in Multnomah County, Oregon, which is located in this Court's judicial district.

## III. BACKGROUND

7. On September 26, 1994, F&G issued the Policy with a face value of $100,000 to Daniel C. Brophy (the "Insured").

8. On March 13, 2015, the Policy was updated at the request of the Insured to name Ms. Crampton Brophy, as the Primary Beneficiary.

9. On March 13, 2015, the Policy was updated at the request of the Insured to name Mr. Stillwater as the Contingent Beneficiary.

10. On or about June 2, 2018, the Insured died in Portland, Oregon.

11. The cause of death on the Insured's death certificate was listed as "GUNSHOT WOUNDS OF TORSO" with "Homicide" as the manner of death given by the Medical Certifier.

12. On June 6, 2018, Ms. Crampton Brophy notified F&G of the death of the Insured.

13. On or about June 10, 2018, Ms. Crampton Brophy submitted a claim to F&G for the death benefit on the Policy.

14. F&G performed a routine investigation because the death was listed as a homicide.

15. On or about September 5, 2018, Ms. Crampton Brophy was arrested on charges of murder of the Insured.

16. On September 17, 2018, Ms. Crampton Brophy pled not guilty in Multnomah County Circuit Court for charges related to the Insured's death.

17. The criminal case against Ms. Crampton Brophy remains pending in Multnomah County Circuit Court.

18. Under the Policy, Death Proceeds are payable on the death of the insured to the primary beneficiary or to the contingent beneficiary if the primary beneficiary has predeceased the decedent insured.

19. If Ms. Crampton Brophy is found to be a slayer pursuant to Rev. Stat § 112.455 *et seq.*, she will be treated as if she predeceased the decedent for purposes of property transfers, creating uncertainty as to the appropriate beneficiary.

20. Death Proceeds are the amount of Death Benefit less any policy loan.

21. At the time of the Insured's death, the Death Proceeds were $100,000.00. These Death Proceeds have not been disbursed to Ms. Crampton Brophy or any other beneficiary.

22. F&G has no interest in the Death Proceeds.

23. Pursuant to Or. Rev. Stat. § 112.535, F&G has withheld payment of the Death Proceeds pending a determination of its duties.

### IV.   CLAIM FOR INTERPLEADER

24. F&G incorporates the allegations of Paragraphs 1-23 as if fully set forth herein.

25. F&G is a non-liable, disinterested stakeholder with respect to the proceeds from the Policy and is exposed to the possibility of double or multiple liability by Defendants' competing claims.

26. F&G stands ready, willing, and able to pay the proceeds of the Policy, but the Defendants' potential claims have created doubt and uncertainty as to whether Ms. Crampton Brophy or Mr. Stillwater has the legal rights to those proceeds.

27. Or. Rev. Stat § 112.455 *et seq.* governs the effect of homicide on intestate succession, wills and life insurance.

28. Or. Rev. Stat. § 112.465 requires that a slayer be treated as if he or she predeceased the decedent for purposes of property transfers.

29. According to the statute, slayer "means a person who, with felonious intent, takes or procures the taking of the life of a decedent." Or. Rev. Stat. § 112.455.

30. In the absence of a conviction of felonious and intentional killing, the court may determine whether the killing was felonious and intentional. Or. Rev. Stat § 112.555.

31. Or. Rev. Stat § 112.515 provides that life insurance proceeds must be paid to the contingent beneficiary should Or. Rev. Stat § 112.465 be triggered.

32. In the absence of clear guidance from the Court as to which of the Defendants is legally entitled to the Death Proceeds, F&G may be prejudiced if it pays the proceeds of the Policy to one or some of the Defendants.

33. F&G is willing to deposit the proceeds or surrender the Death Proceeds into the registry of the Court.

34. Pursuant to Fed. R. Civ. P. 22, F&G requests that it be permitted to deposit the Proceeds into the Court to be paid to such other lawful owner of the Proceeds as this Court may determine.

35. F&G requests to deposit these funds with the Court as soon as possible, as F&G holds no claim to the funds, F&G is not permitted to determine the status of Ms. Crampton Brophy as a beneficiary, and F&G will be prejudiced by retaining these funds indefinitely pending further action from the Court.

36. Upon such deposit, F&G requests to be fully discharged of all of its obligations under the Policy and defendant is to be enjoined from any action against F&G and/or its agents relating to the Death Proceeds.

## V.   PRAYER FOR RELIEF

WHEREFORE, F&G respectfully requests as relief the following order:

    a. Accepting deposit of the Death Proceeds of the Policy into its registry;

    b. Awarding F&G its reasonable attorneys' fees and costs incurred in bringing this interpleader action; and

    c. Discharging F&G from liability to each and every Defendant with respect to the Policy and its proceeds;

d. Requiring Defendants to interplead their claims to the Policy or be forever barred from asserting those claims;

e. Entering judgment establishing Defendants' respective legal rights to the proceeds of the Policy;

f. Awarding F&G reasonable attorneys' fees and costs incurred in bringing this interpleader action; and,

g. Awarding F&G any further relief as the Court deems just and proper.

Dated: July 26, 2019.

LARKINS VACURA KAYSER LLP

s/ Brett Applegate
Brett Applegate, OSB No. 132944
*bapplegate@lvklaw.com*

FAEGRE BAKER DANIELS, LLP

s/ Jesse Linebaugh
Jesse Linebaugh, *Pro Hac Vice Motion to be Filed*
*jesse.linebaugh@faegrebd.com*

Attorneys for Plaintiff